AO 91 (Rev. 11/11) Criminal Complaint

FILED
11/9/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 725 |
| v. | |
| NATHALI RAMIREZ | |

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about November 8, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a)(1) and (b) | forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a person designated in Title 18, United States Code, Section 1114, namely an officer and employee of the United States, while he was engaged in the performance of his official duties, and in the commission of such acts used a deadly and dangerous weapon |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*Stephanie Ruemker*

STEPHANIE RUEMKER
Special Agent, Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: November 9, 2025

*Judge's signature*

City and state: Chicago, Illinois

JEFFREY T. GILBERT, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, STEPHANIE RUEMKER, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed since January 2021. My current responsibilities include, among other things, the investigation of crimes against children, specifically child exploitation.

2. This affidavit is submitted in support of a criminal complaint alleging that NATHALI RAMIREZ has violated Title 18, United States Code, Section 111(a)(1) and (b). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging RAMIREZ with forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with a federal officer, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other agents and officers, my review of video footage and law enforcement reports, and my training and experience.

### *CBP Agent A's Statements*

4. According to statements made by an agent with U.S. Customs and Border Protection ("CBP Agent A") during an interview with the FBI, CBP Agent A was the driver of a CBP vehicle that was leading a CBP convoy. CBP Agent A noticed that cars were following his CBP vehicle, including a minivan, black SUV, and white Honda. According to CBP Agent A, the white Honda tried "cutting him off" and stopping him from driving, but CBP Agent A was able to maneuver safely around the white Honda and other cars.

5. According to CBP Agent A, CBP Agent A turned off Roosevelt Road onto an unknown street near the FBI Chicago Field Office (FBI Chicago). According to CBP Agent A, the white Honda continued driving on Roosevelt Road and the minivan remained at the corner, but the black SUV turned onto the same street that the CBP vehicle did. CBP Agent A and another agent with CBP ("CBP Agent B") exited their vehicle and walked toward the black SUV to give the driver a verbal warning.

6. According to CBP Agent A, as CBP Agent A approached the black SUV, it started reversing, and CBP Agent B shouted something like, "look out." CBP Agent A saw the white Honda coming down the street quickly and it turned into him, causing him to jump on top of the car to avoid being run over. CBP Agent A believed that the white Honda was accelerating as it came toward him, felt that he was in a "little danger" but not "that much," and believed that the white Honda was intentionally trying to hurt him.

2

7. According to CBP Agent A, CBP Agent A drew his weapon and gave commands for the driver of the white Honda—later identified as RAMIREZ—to exit her vehicle. According to CBP Agent A, RAMIREZ did not comply and instead sat in her car and started rolling up her window while CBP Agent A's arm was inside. To free his arm, CBP Agent A broke the window with his hand. CBP Agent A removed RAMIREZ from her car and arrested her.

### *CBP Agent B's Statements*

8. According to statements made by CBP Agent B during an interview with the FBI, on or about November 8, 2025, CBP Agent B was a member of a tactical team assigned to cover the Berwyn neighborhood in Chicago. CBP Agent B was a passenger in the back seat of a CBP vehicle that CBP Agent A was driving and that included two other CBP agent occupants. According to CBP Agent B, as CBP Agent B's team was reconnecting with a CBP convoy, a white Honda began following their car. According to CBP Agent B, the white Honda swerved toward the CBP car multiple times, and CBP Agent A had to use defensive tactics to avoid the white Honda. According to CBP Agent B, additional vehicles joined the white Honda in following the CBP vehicle, including a black SUV.

9. According to CBP Agent B, the CBP vehicle turned onto the street next to FBI Chicago and stopped. According to CBP Agent B, CBP Agent B and CBP Agent A exited their vehicle to approach the black SUV that was following them and give the driver a warning to not impede federal officers per CBP's standard protocol. According to CBP Agent B, CBP Agent A was in front of CBP Agent B walking toward

3

the black SUV. According to CBP Agent B, as CBP Agent A and CBP Agent B walked toward the black SUV, the white Honda drove toward CBP Agent A. CBP Agent B yelled something like "watch out" to CBP Agent A, who had to jump to avoid getting hit by the white Honda.

10. According to CBP Agent B, CBP Agent B and CBP Agent A told the driver of the white Honda—later identified as RAMIREZ—to exit her vehicle, but RAMIREZ did not exit. According to CBP Agent B, the driver's window was down, and the driver started to roll the window up with CBP Agent A's arm inside. CBP Agent A pulled his arm out and broke the window with his hand. CBP Agent B then opened the driver's door. Once the car door was open, RAMIREZ complied and exited the vehicle. RAMIREZ was placed under arrest.

### *CBP Agent A's BWC*

11. Based on my review of CBP Agent A's body-worn camera (BWC) video footage, on or about November 8, 2025, at approximately 10:21:12 a.m., CBP Agent A activated his BWC. CBP Agent A was driving a vehicle. At approximately minute marker 1:55, CBP Agent A stops the vehicle, exits, and walks in the direction of a black SUV. The black SUV reverses, and a white Honda appears to be accelerating south on South Leavitt Street. The vehicle appears to turn toward CBP Agent A, who jumped on top of the car.

12. Based on my review of CBP Agent A's BWC video footage, after removing the driver of the white Honda (RAMIREZ) from her vehicle, CBP Agent A and RAMIREZ exchanged words to the following effect. CBP Agent A: "You know

4

you're not supposed to try to run somebody over, right?" RAMIREZ: "I didn't run you over. You … [unintelligible]." CBP Agent A: "I said you're not supposed to try to." RAMIREZ: "I didn't run you over." CBP Agent A: "Okay."

### *CBP Agent B's BWC*

13. Based on my review of CBP Agent B's BWC video footage, CBP Agent B activated his BWC at approximately 10:21:29 a.m. At approximately minute marker 1:39, CBP Agent B exits the vehicle. As CBP Agent A walks toward the black SUV, a white Honda appears to be accelerating south on South Leavitt Street and turn toward CBP Agent A, resulting in CBP Agent A jumping on the front of the car.

5

*Conclusion*

14. Based on the above information, I submit that there is probable cause to believe that, on or about November 8, 2025, NATHALI RAMIREZ forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with an officer or employee of the United States, as designated in Title 18, United States Code, Section 114, more specifically CBP Agent A, who was engaged in the performance of his official duties, and in doing so, RAMIREZ used a deadly and dangerous weapon, all in violation of Title 18, United States Code Section 111(a) and (b).

FURTHER AFFIANT SAYETH NOT.

*Stephanie Ruemker*

STEPHANIE RUEMKER
Special Agent, Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone November 9, 2025.

Honorable JEFFREY T. GILBERT
United States Magistrate Judge